[Cite as *In re K.D.H.*, 2013-Ohio-2636.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| IN THE MATTER OF: | : | |
| K.D.H. | : | CASE NO. CA2012-09-188 |
| | : | O P I N I O N<br>6/24/2013 |
| | : | |
| | : | |
| | : | |

APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. JV2011-1832

Michael T. Gmoser, Butler County Prosecuting Attorney, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellee

Amy Ashcraft, 240 East State Street, Trenton, Ohio 45067, for appellant

**HENDRICKSON, P.J.**

{¶ 1} Appellant, K.D.H., appeals from an order of the Butler County Court of Common Pleas, Juvenile Division, classifying him as a Tier II juvenile sex offender registrant. For the reasons discussed below, we affirm the juvenile court's decision.

{¶ 2} In September 2011, the Hamilton Police Department filed a complaint in the juvenile court charging appellant with rape and gross sexual imposition. The charges arose

out of allegations that the 15-year-old appellant "engaged in penile vagina [sic] intercourse with [the victim], age 4" and "engaged in sexual contact with [the victim] * * * by having her touch his penis." On November 28, 2011, appellant admitted to being delinquent to a charge of gross sexual imposition in violation of R.C. 2907.05(A)(4), a felony of the third degree if committed by an adult. During disposition, the juvenile court ordered that appellant be placed in the Butler County Juvenile Rehabilitation Center.

{¶ 3} On July 30, 2012, a rehabilitation release hearing was held. At this hearing, the state and appellant presented arguments addressing appellant's juvenile sex offender registrant classification and his potential release from the rehabilitation center. The state recommended that appellant be classified as a Tier I sex offender while appellant's counsel recommended that appellant not be required to register as a sex offender. The parties then stipulated to the admission of several exhibits, including a July 30, 2012 Treatment Summary, a June 14, 2012 Home Pass Safety Plan, an undated Sex Offender Relapse Prevention Plan, and two sex offender classification reports prepared by Bobbie G. Hopes, Ph.D., dated January 11, 2012 and July 26, 2012, respectively.

{¶ 4} On July 30, 2012, appellant was released from the rehabilitation center and placed in the custody of his mother. Subsequently, on August 30, 2012, the juvenile court issued a decision classifying appellant as a Tier II sex offender. In making this determination, the court specifically stated that it "considered all of the factors contained in Ohio Revised Code section[s] R.C. 2152.83(D) and 2929.12."

{¶ 5} Appellant now appeals, raising as his sole assignment of error the following:

{¶ 6} THE TRIAL COURT ERRED TO THE PREJUDICE OF KDH WHEN IT ORDERED THAT HE REGISTER AS A TIER II SEX OFFENDER AS THE DECISION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 7} In his sole assignment of error, appellant argues that in weighing the factors set

forth in R.C. 2152.83(D), the juvenile court erred in determining that he had not shown "genuine remorse or compunction for the offense." Appellant contends that this finding is against the manifest weight of the evidence as appellant apologized to the victim's family and his family at the July 30, 2012 hearing and he expressed remorse during his second evaluation with Dr. Hopes. Appellant further contends that had the juvenile court properly considered his genuine remorse for the offense, in light of the other factors expressed in R.C. 2152.83(D), the court would not have classified him as a Tier II sex offender.

{¶ 8} The parties agree that classification of appellant as a juvenile offender registrant was not mandatory under the circumstances of this case as appellant was 15 years old at the time of the offense, did not have a prior adjudication for a sexually-oriented offense, and had not been labeled a serious youthful offender. See R.C. 2152.83(B)(1), R.C. 2152.82, and R.C. 2152.86. As classification was not mandated by statute, the juvenile court was given the broad discretion to determine whether appellant should be classified as a juvenile offender registrant and under which tier appellant should be placed. *In re C.P.*, 131 Ohio St.3d 513, 2012-Ohio-1446, ¶ 20 (which tier such an offender is placed in rests within the juvenile court's discretion); *In re Q.J.*, 7th Dist. No. 11 BE 30, 2012-Ohio-4210, ¶ 10. *See also* R.C. 2950.01(E)(3), (F)(3), (G)(3); R.C. 2152.83(B)(2)(b), (C)(1).

{¶ 9} In making this determination, the juvenile court was required to conduct a hearing and consider all relevant factors, including, but not limited to: (1) the nature of the sexually-oriented offense or the child-victim oriented offense; (2) whether the offender has shown genuine remorse or compunction for the offense; (3) the public interest and safety; (4) the factors set forth in R.C. 2950.11(K);[1] (5) the relevant factors set forth in R.C. 2929.12(B)

---

1. The factors that a court may consider in making its juvenile sex offender registrant classification determination include: (1) the offender's age; (2) the offender's prior criminal or delinquency record regarding all offenses; (3) the victim's age; (4) whether the offense involved multiple victims; (5) whether drugs or alcohol were used to impair the victim or prevent the victim from resisting; (6) whether the offender has completed prior sentence conditions or programs; (7) whether the offender has a mental illness or mental disability; (8) the nature

and (C);[2] and (6) the results of any treatment provided to the offender and any follow-up professional assessment. R.C. 2152.83(D)(1)-(6).

{¶ 10} Having reviewed the record, including the transcript of the July 2012 hearing and the evidence stipulated to by the parties, we find that the juvenile court did not abuse its discretion in classifying appellant as a Tier II juvenile sex offender registrant. Contrary to appellant's contentions, the juvenile court had before it sufficient evidence to allow it to conclude that appellant "ha[d] not demonstrated remorse for his offense" and that a Tier II sex offender registrant classification was appropriate in this case.

{¶ 11} With respect to the challenged factor, that is whether appellant demonstrated genuine remorse or compunction for the offense pursuant to R.C. 2152.83(D)(2), the juvenile court had before it Dr. Hopes' two sex offender classification reports as well as appellant's statement at the July 2012 hearing that he "want[ed] to apologize to my victim's family, my victim, and my family for what I've done, my, the [sic] for my actions. I know that it's hurt them in many ways." The January 11, 2012 sex offender classification report completed by Dr. Hopes indicated that appellant felt no remorse for his offense. In fact, the report

---

of the sexual interaction and whether the conduct was part of a demonstrated pattern of abuse; (9) whether the offender displayed or threatened cruelty during the offense; and (10) any additional behavioral characteristics that contribute to the offender's conduct. R.C. 2950.11(K)(1)-(10).

2. {¶ a} The factors that a court may consider pursuant to R.C. 2929.12(B), the existence of which makes an offense more serious, include whether: (1) the victim suffered any physical or mental injury which was exacerbated due to the victim's physical or mental condition or age; (2) the victim suffered serious physical, psychological, or economic harm; (3) the offender held a public office or position of trust in the community and the offense related to that office or position; (4) the offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice; (5) the offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense; (6) the offender's relationship with the victim facilitated the offense; (7) the offender committed the offense for hire or as part of an organized criminal activity; (8) whether the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion when committing the offense; and (9) the offense dealt with a family or household member. R.C. 2929.12(B)(1)-(9).

{¶ b} The factors that a court may consider pursuant to R.C. 2929.12(C), the existence of which makes an offense less serious, include whether: (1) the victim induced or facilitated the offense; (2) the offender acted under strong provocation; (3) the offender did not cause or expect to cause physical harm to any person or property; and (4) there are substantial grounds to mitigate the offender's conduct, although such grounds are not enough to constitute a defense. R.C. 2929.12(C)(1)-(4).

indicated that appellant blamed the offense on the victim, the four-year-old daughter of appellant's father's live-in girlfriend. According to appellant's version of events, he was sitting in his bedroom in only his boxer shorts when the four-year-old victim walked into his room and touched his penis through a hole in his shorts. Appellant told Dr. Hopes, "That was the only thing that happened. She touched me. * * * I didn't rape her. That's the story I'm sticking with. It really didn't happen."

{¶ 12} However, in the July 26, 2012 sex offender classification report, Dr. Hopes indicated that appellant had admitted to the offense. Appellant described the offense differently this time, stating that "he had sexual thoughts about [the victim] for a month or two before he acted on them" and that "he first had sexual thoughts about her when he was watching pornography on the computer." Appellant had thought to himself that the victim "probably won't tell on me, or they [the victim's parents] probably won't believe her. Maybe I could get her to touch me." According to appellant's version of events, on the date the offense occurred, he was alone in his room when the victim entered. Appellant was sexually aroused so he pulled out his penis and told the victim to touch it. He then asked her to put his penis in her mouth, but the victim refused. Appellant grabbed the victim's hand and put it on his penis, and the victim eventually ran upstairs to tell on him. Appellant stated he was "glad that she told on me. It got me the help I needed." He told Dr. Hopes that "[b]eing in group [sex offender treatment] made me realize what I did to her was all my fault. At first, I didn't realize that. I said it was a mistake and I didn't mean for it to happen, which was a lie. I did it. It was all my fault. I was pretty minimizing [sic] what I did." Appellant also stated that he was sorry for what he did and he was grateful he was able to get the treatment he needed. Dr. Hopes stated that it was her impression that appellant gave a "prepared speech" and "he said all the right things, but it is difficult to determine whether it is genuine and whether he will apply what he has learned." Furthermore, Dr. Hopes noted that "[d]uring

[appellant's] evaluation, he was very defensive and tended to speak in vague generalities and platitudes in response to questions, which made it difficult to know whether he had really learned anything and had changed, or whether he was just repeating phrases he had learned over the past several months."

{¶ 13} The juvenile court was in the best position to assess the credibility of appellant; it therefore follows that the determination of whether appellant's expression of remorse was genuine was best left for the trial court to determine. *State v. Postway*, 12th Dist. No. CA2002-06-154, 2003-Ohio-2689, ¶ 20, *abrogated on other grounds*, *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330; *State v. Putnam*, 11th Dist. No. 2012-L-026, 2012-Ohio-4891, ¶ 12 ("a reviewing court must defer to the trial court as to whether a defendant's remarks are indicative of genuine remorse because it is in the best position to make that determination"); *State v. Benore*, 6th Dist. No. OT-04-021, 2005-Ohio-2944, ¶ 35. An appellate court should defer to the juvenile court's finding on the expression of remorse as the juvenile court had the opportunity to observe appellant directly and assess his demeanor and sincerity. *See State v. Davis*, 11th Dist. Nos. 2003-L-027, 2003-L-028, 2003-L-029, 2004-Ohio-2076, ¶ 29. Considering the evidence submitted to the juvenile court in light of the court's opportunity to observe appellant at the July 2012 hearing, we conclude that the court did not abuse its discretion in finding that appellant "ha[d] not demonstrated remorse for the offense."

{¶ 14} Furthermore, whether or not appellant expressed genuine remorse or compunction for the offense was only one of the factors the court considered in determining whether he should be required to register as a Tier II juvenile sex offender registrant. Pursuant to R.C. 2152.83(D), "a judge shall consider *all* relevant factors." (Emphasis added). Upon consideration of all the relevant factors, including (A) the nature of the offense, that is a 15-year-old perpetrator forcing a four-year-old household member to touch his penis, (B) the

identified troubling behavioral characteristics of appellant, including his antisocial attitude, anger issues, self-centeredness, impulsiveness, and diagnosed Oppositional Defiant Disorder, which Dr. Hopes believed led to the offense and are still present and of concern, and (C) the fact that appellant remained a "low-to-moderate risk of re-offense," we find that the juvenile court did not act unreasonably, arbitrarily, or unconscionably in classifying appellant as a Tier II juvenile sex offender registrant. Appellant's sole assignment of error is, therefore, overruled.

{¶ 15} Judgment affirmed.

RINGLAND, J., concurs.

PIPER, J., concurs separately.

**PIPER, J., concurring separately.**

{¶ 16} I concur in the judgment of my colleagues but place a slightly different emphasis on the analysis. I can find nothing in the record that requires one to conclude that this juvenile offender was not remorseful at the time of his sentencing. It is clear that his conduct was inappropriate, wrongful, and criminal in nature and that he apparently over time came to recognize such.

{¶ 17} The state argues that this juvenile offender's story changed over time and so too did his willingness to be held accountable. However, while being held in the juvenile detention center, the emphasis is upon treatment and rehabilitation, and one would expect the juvenile to become more open and truthful as time transpired. One certainly never knows what is in another's mind and it is difficult to tell when someone is truly remorseful. Since that decision is best left to the trial court's determination, I cannot depart from the trial court's finding. *State v. Graham*, Slip Opinion No. 2013-Ohio-2114, ¶ 26. However, juvenile

offenders should always be encouraged to "say the right things." Expressing remorse is an important step for one who originally has denied his criminal wrongdoing. The majority opinion correctly points out that the trial court's determination as to the offender's tier status came after considering all the factors listed in R.C. 2132.83(D). No one factor controls a trial court's determination. Thus, despite the juvenile offender expressing remorse, when all the factors are considered, classifying appellant as a Tier II juvenile offender is not beyond reason and certainly not arbitrary or unconscionable. Thus, I do concur in the affirming of the trial court's decision and the overruling of appellant's assignment of error.