[Cite as *In re K.T.*, 2019-Ohio-4258.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

IN RE K.T.                    :

                              :        No. 108009

A Minor Child                 :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** October 17, 2019

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. DL-18107030

---

### *Appearances:*

Susan J. Moran, *for appellant.*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Colleen Majeski, Assistant Prosecuting Attorney, *for appellee.*

FRANK D. CELEBREZZE, JR., J.:

{¶ 1} Defendant-appellant, K.T. ("appellant"), brings the instant appeal challenging the juvenile court's ruling classifying him as a juvenile sex offender. After a thorough review of the record and law, this court affirms.

### I. Factual and Procedural History

{¶ 2} On May 31, 2018, appellant was charged in Cuyahoga J.C. No. DL-18107030 with two counts of gross sexual imposition ("GSI") and one count of

kidnapping. The complaint charged appellant as follows: Count 1, GSI, a third-degree felony in violation of R.C. 2907.05(A)(4); Count 2, GSI, a fourth-degree felony in violation of R.C. 2907.05(A)(1); and Count 3, kidnapping, a first-degree felony in violation of R.C. 2905.01(A)(4) with a sexual motivation specification in violation of R.C. 2941.147(A). The offenses occurred on February 20, 2018.

{¶ 3} The charges are the result of an incident in which appellant, age 14, sexually assaulted J.S., a 7-year-old boy. Appellant's mother and J.S.'s mother were friends. J.S.'s mother had dropped J.S. off at appellant's house on February 20, 2018, so appellant could babysit J.S. Soon after J.S. arrived at appellant's house, appellant took J.S. into a bedroom, and pulled down J.S.'s pants and underwear. Appellant then pulled down his own pants and underwear, and stood behind J.S. making a humping or thrusting motion. As appellant was humping and thrusting at J.S., appellant's penis touched J.S.'s buttocks.

{¶ 4} J.S. disclosed to his mother what happened and J.S.'s mother then told appellant's mother. Appellant's mother confronted appellant about the incident, and appellant at first did not take full responsibility. Appellant's mother then pressed appellant on the incident, and appellant fully admitted to the sexual conduct as described by J.S.

{¶ 5} On September 11, 2018, after plea negotiations, appellant admitted to Count 1, GSI, a third-degree felony, and the remaining counts were nolled. The magistrate accepted appellant's admission and adjudicated him delinquent. The magistrate referred appellant to the probation department for a predisposition

report.  The magistrate also ordered appellant to complete a juvenile sex offender assessment.

{¶ 6} Thereafter, on October 15, 2018, the magistrate held a dispositional hearing.[1]  At the dispositional hearing, the probation officer presented the predisposition report to the magistrate.  The probation officer recommended that appellant be placed on community control and not be classified as a juvenile sex offender.  In support of this recommendation, the probation officer noted that appellant had voluntarily completed a juvenile sex offender assessment through Guidestone on March 4, 2018, a few weeks after the incident.  This assessment found appellant to be at a "moderate" risk to reoffend.  The GAL recommended that appellant be placed on community control and not be classified as a juvenile sex offender.

{¶ 7} At the dispositional hearing, the state recommended the trial court classify appellant as a juvenile sex offender.  In support of its argument, the state noted that appellant was impulsive, displayed difficulty interacting with peers, and displayed aggressive tendencies towards peers.  The state argued that the assessment's finding that appellant was at a "moderate" risk to reoffend supported the need to classify appellant as a juvenile sex offender.  Specifically, the assessment noted that appellant "has had sexual contact over the past several years with children and same age peers that has become more progressive."  Further, the

---

[1] Appellant had previously admitted to one count of criminal damaging in Cuyahoga J.C. No. DL 18-106421, and that matter was also set for a dispositional hearing on October 15, 2018.

assessment noted that appellant "did not appear to understand the concept of consensual behaviors and maintaining appropriate boundaries."

{¶ 8} The state also expressed concerns that appellant was not able to establish appropriate sexual boundaries with peers, and has a history of highly sexualized behaviors. The state noted that appellant had been sexually abused by a 14-year-old girl when he was seven years old. In addition, appellant admitted in the assessment to having previously performed oral sex on a 14-year-old boy. The state further noted that when J.S. disclosed the incident to his mother, J.S. stated that there was a previous incident of sexual contact similar to the incident on February 20, 2018.[2]

{¶ 9} J.S.'s mother addressed the magistrate at the dispositional hearing. J.S.'s mother asked the magistrate to classify appellant as juvenile sex offender.

{¶ 10} The magistrate ordered appellant to be placed on one-year community control. Further, the magistrate classified appellant as a Tier II juvenile sex offender.

{¶ 11} The magistrate made the following findings at the dispositional hearing with regard to the determination of classification:

> I believe that both the victim's mother and what [appellant's] father said, and what all the professionals have reported here today, this is a very sad circumstance.
>
> The [c]ourt very much understands that [appellant] was a victim himself and that that is probably how we find ourselves sitting here today, but sitting here today we are, and the [c]ourt has considered all

---

[2] Appellant was not charged for his previous incident.

of the relevant factors, including the nature of the offense, whether the child has shown genuine remorse for the offense, the public interest and safety, the factors set forth in [R.C.] 2950.11(K), the factors set forth in [R.C.] 2929.12(B) and (C), and how those factors apply to [appellant], the offense, and the victim.

The [c]ourt has also considered the results of treatment and any follow-up professional assessment of the child.

The [c]ourt has very much [pored] over the [p]robation report in this case as well as the reports provided by Ohio Guidestone and has listened thoughtfully to both the [state], [appellant's counsel], [the GAL], [appellant], [appellant's father], and the victim's mother in this case.

At this time based on the charges for which [appellant] has been adjudicated delinquent, the arguments of counsel, this [c]ourt is going to classify [appellant] as a Tier [II] sexual offender registrant.

(Tr. 30-31.)

{¶ 12} Appellant filed an objection to the magistrate's decision regarding the juvenile sex offender registration. The juvenile court overruled appellant's objections and affirmed and adopted the magistrate's decision.

{¶ 13} Appellant now brings the instant appeal challenging the juvenile court's findings overruling his objections to the magistrate's decision.

## II. Law and Analysis

{¶ 14} In appellant's sole assignment of error, he argues that the trial court erred in classifying him as a juvenile sex offender.

{¶ 15} Unlike the mandatory sexual registration requirements in adult court, "[t]he age of a delinquent child at the time the offense was committed determines whether and how the child may be classified as a sex offender" in juvenile court. *In*

*re D.S.,* 146 Ohio St.3d 182, 2016-Ohio-1027, 54 N.E.3d 1184, ¶ 13. "Thus, as a threshold matter, only a child 14 years of age or older at the time of the offense is subject to classification and the corresponding registration requirements." *Id.*

{¶ 16} If a child is 14 or 15 years of age at the time of an offense, the court has discretion over classifying a juvenile as a juvenile sex offender registrant, where the juvenile is not a repeat offender or a serious youthful offender. *Id.* at ¶ 14, citing R.C. 2152.83(B), and *In re I.A.,* 140 Ohio St.3d 203, 2014-Ohio-3155, 16 N.E.3d 653, ¶ 6.

{¶ 17} A juvenile court may classify a juvenile as a juvenile sex offender "only after first conducting a hearing pursuant to R.C. 2152.83(B)(2) to determine whether the delinquent child *should* be so classified." (Emphasis added.) *In re I.A.* at ¶ 6. As part of the hearing pursuant to R.C. 2152.83(B)(2), a juvenile court must consider numerous statutory factors — including information about the offender, the victim, the nature of the crime, and other factors — before determining whether the juvenile should be subject to a juvenile sex offender classification. *Id.,* citing R.C. 2152.83(D). However, the decision whether to even hold the hearing is at the judge's discretion, pursuant to R.C. 2152.83(B)(1). *Id.*

{¶ 18} "If the judge determines that it is appropriate to impose juvenile-offender-registrant status, the judge must conduct a tier-classification hearing to determine whether the child should be classified as a Tier I, II, or III sex offender." *In re D.S.,* 146 Ohio St.3d 182, 2016-Ohio-1027, 54 N.E.3d 1184, at ¶ 14, citing R.C. 2152.83(C) and R.C. 2152.831. "Which tier such an offender is placed in rests within

the juvenile court's discretion." *In re C.P.*, 131 Ohio St.3d 513, 2012-Ohio-1446, 967 N.E.2d 729, ¶ 20.

{¶ 19} In the instant case, appellant is not a repeat offender, nor is he designated a serious youthful offender under R.C. 2152.86. As such, R.C. 2152.83(B) is the pertinent provision for purposes of classification.

{¶ 20} With respect to a juvenile sex offender designation, R.C. 2152.83(D) mandates that:

> In making a decision under division (B) of this section as to whether a delinquent child should be classified a juvenile offender registrant, a judge shall consider all relevant factors, including, but not limited to, all of the following:
>
> (1) The nature of the sexually oriented offense or the child-victim oriented offense committed by the child;
>
> (2) Whether the child has shown any genuine remorse or compunction for the offense;
>
> (3) The public interest and safety;
>
> (4) The factors set forth in division (K) of section 2950.11 of the Revised Code, provided that references in the factors as set forth in that division to "the offender" shall be construed for purposes of this division to be references to "the delinquent child;"
>
> (5) The factors set forth in divisions (B) and (C) of section 2929.12 of the Revised Code as those factors apply regarding the delinquent child, the offense, and the victim;
>
> (6) The results of any treatment provided to the child and of any follow-up professional assessment of the child.

{¶ 21} The factors set forth in R.C. 2950.11(K) include:

(1) The offender's age;

(2) The offender's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexually oriented offenses or child-victim oriented offenses;

(3) The age of the victim of the sexually oriented offense or child-victim oriented offense the offender committed;

(4) Whether the sexually oriented offense or child-victim oriented offense the offender committed involved multiple victims;

(5) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or child-victim oriented offense the offender committed or to prevent the victim from resisting;

(6) If the offender previously has been convicted of, pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be a criminal offense, whether the offender completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sexually oriented offense or a child-victim oriented offense, whether the offender or delinquent child participated in available programs for sex offenders or child-victim offenders;

(7) Any mental illness or mental disability of the offender;

(8) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense the offender committed or the nature of the offender's interaction in a sexual context with the victim of the child-victim oriented offense the offender committed, whichever is applicable, and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;

(9) Whether the offender, during the commission of the sexually oriented offense or child-victim oriented offense the offender committed, displayed cruelty or made one or more threats of cruelty;

(10) Any additional behavioral characteristics that contribute to the offender's conduct.

{¶ 22} The factors under R.C. 2929.12(B) and (C) involve considerations of whether the offender's conduct was "more serious than conduct normally

constituting the offense," or "less serious than conduct normally constituting the offense * * *."

{¶ 23} A juvenile court is awarded broad discretion in classifying an offender as a Tier I, Tier II, or Tier III juvenile sex offender. *See In re K.D.H.*, 12th Dist. Butler No. CA2012-09-188, 2013-Ohio-2636, ¶ 8, citing *In re C.P.*, 131 Ohio St.3d 513, 2012-Ohio-1446, 967 N.E.2d 729, at ¶ 20.

{¶ 24} In support of his argument that the juvenile court abused its discretion in classifying him as a Tier II juvenile sex offender, appellant argues that his sex offender assessment score of "moderate" to reoffend supports a finding that appellant should not have been classified. Further, appellant argues that the juvenile court did not consider that he expressed remorse for his conduct. Appellant also argues that the juvenile court failed to consider the recommendations made by the GAL and the probation officer both of whom did not recommend classification. Appellant also contends that the juvenile court failed to consider his young age, his lack of a prior record, that there was only one victim, and that appellant did not use alcohol or drugs to facilitate the offense.

{¶ 25} As an initial matter, we note that although the classification statute requires the juvenile court to *consider* the outlined factors, nothing in the statute requires the juvenile court to "explicitly announce its findings regarding each individual factor before it classifies a child as a juvenile offender registrant." *In re C.R.*, 4th Dist. Ross No. 13CA3411, 2014-Ohio-1936, ¶ 6. Nonetheless, in the instant

case, we note that the magistrate did state that she considered these statutory factors as set forth in R.C. 2152.83(D) and 2950.11(K).

{¶ 26} With regard to the factors set forth in R.C. 2152.83(D), we find that there is clear evidence in the record that the magistrate considered these factors. In particular, with regard to R.C. 2152.83(D)(2), considering whether the juvenile "has shown any genuine remorse or compunction for the offense," appellant argues that he showed genuine remorse. However, we do not find this to be reflected within the record. In fact, nowhere within the record, including the probation pre-dispositional report or the sex offender assessment, does appellant express genuine remorse. Indeed, appellant took responsibility for the sexual conduct, but only expressed remorse for being caught. The sex offender assessment report noted that "appellant appears to be remorseful but more so because of being caught. [Appellant] lacks the ability to express how his behaviors have been inappropriate."

{¶ 27} Of particular importance within the sex offender assessment, the report notes that appellant "does admit to some of his sexualized behaviors but appears to be minimizing the length and amount of times he has offended." Appellant "presents not to understand the risks involved or how they damage other children." Further, appellant "does not appear to have a strategy to avoid reoffending" and "does not appear to be motivated to change."

{¶ 28} However, the probation officer noted in her predispositional report that appellant did not want to discuss the incident with her, but "was able to express remorse toward the victim and take responsibility for his actions."

{¶ 29} In the instant case, appellant was in a position of authority over J.S. Appellant was twice the age of J.S. and was babysitting J.S. at the time of the offense. Further, appellant disclosed in the predispositional report that he bribed J.S. to allow him to perform the sexual acts on him. Appellant stated that J.S. asked appellant to play with his drone, but appellant told J.S. that he was not allowed to play with the drone. Appellant then stated that he told J.S. he would allow J.S. to play with the drone if J.S. did something for him. It appears from the record that appellant was insinuating that he would allow J.S. to play with the drone in exchange for sexual acts. Furthermore, J.S. had disclosed to his mother that appellant had previously done similar sexual acts to him.

{¶ 30} Moreover, appellant scored a "moderate" risk to reoffend on the sex offender assessment. This assessment noted that appellant was not able to establish appropriate sexual boundaries with peers and has a history of highly sexualized behaviors. Further, appellant "has had sexual contact over the past several years with children and same age peers that has become more progressive." Appellant also "did not appear to understand the concept of consensual behaviors and maintaining appropriate boundaries."

{¶ 31} Appellant also argues that the state improperly presented the previous incident with J.S. at the dispositional hearing. To this end, appellant takes issue with the fact that the state discussed the previous incident with J.S., and the incident where appellant performed oral sex on a 14-year-old boy. Appellant argues that "[t]here was not discovery offered to the [d]efense for this alleged incident, no

medical records, no testimony, and no [corroborating] evidence of any kind." However, appellant's argument in this regard is misplaced.

{¶ 32} Pursuant to R.C. 2152.83(D)(6), the juvenile court is to consider the "results of any treatment provided to the child and of any follow-up professional assessment of the child." In this way, the juvenile court was able to consider the fact that appellant disclosed through the sex offender assessment that he performed oral sex on a 14-year-old boy. As such, the fact that the state presented this information at the dispositional hearing was in no way improper.

{¶ 33} Furthermore, the juvenile court was able to consider the previous incident with J.S. pursuant to R.C. 2950.11(K)(8). This section includes the "nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim" and "whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse." As such, considering R.C. 2950.11(K)(8), the fact that the state presented this previous incident at the dispositional hearing was in no way improper.

{¶ 34} After reviewing the record, we find that the juvenile court did not abuse its discretion in classifying appellant as a Tier II juvenile sex offender. Given the serious nature of the offense, the disparity in age between appellant and the victim, and his use of his position of authority over the victim to facilitate the offense, the juvenile court did not act unreasonably, arbitrarily, or unconscionably in classifying appellant as a Tier II juvenile sex offender.

{¶ 35} Accordingly, appellant's sole assignment of error is overruled.

**{¶ 36}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

———————————————————————

FRANK D. CELEBREZZE, JR., JUDGE

MARY EILEEN KILBANE, A.J., and
EILEEN A. GALLAGHER, J., CONCUR