[Cite as *In re D.J.*, 2021-Ohio-278.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| IN RE: | : | CASE NO. CA2020-05-029 |
| D.J. | : | O P I N I O N<br>2/1/2021 |
| | : | |
| | : | |
| | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. 13-N000701

Office of the Ohio Public Defender, Lauren Hammersmith, 250 East Broad Street, Suite 1400, Columbus, Ohio 43215, for appellant

David P. Fornshell, Warren County Prosecuting Attorney, Kirsten A. Brandt, 520 Justice Drive, Lebanon, Ohio 45036, for appellee

**M. POWELL, P.J.**

{¶ 1} Appellant, D.J., appeals from the judgment of the Warren County Juvenile Court denying his petition to terminate his juvenile offender registrant designation and sex offender classification.

{¶ 2} In June 2013, a complaint was filed with the juvenile court alleging appellant was a delinquent child for committing an act that if charged as an adult would constitute

forcible rape. In August 2013, appellant admitted to a reduced charge of gross sexual imposition and the trial court adjudicated him a delinquent child. At the dispositional hearing in October 2013, the juvenile court imposed a suspended commitment to the Ohio Department of Youth Services on the condition that appellant successfully complete the Mary Haven Youth Center ("Mary Haven") residential sex offender program.[1]

{¶ 3} In September 2014, appellant successfully completed the Mary Haven sex offender program. The juvenile court conducted a hearing and ordered appellant to be released from Mary Haven on supervised probation. The conditions of appellant's probation included the completion of out-patient sex offender treatment, including periodic polygraph examinations. Pursuant to R.C. 2152.83(A), the juvenile court also designated appellant a juvenile offender registrant and classified him as a Tier I sex offender.[2]

{¶ 4} In June 2016, the juvenile court held a hearing pursuant to R.C. 2152.84, wherein it terminated appellant's probation. The juvenile court continued appellant's juvenile offender registrant designation and his classification as a Tier I sex offender.

{¶ 5} On October 30, 2019, appellant petitioned the juvenile court for an order terminating his juvenile offender registrant designation and ending his classification as a Tier I sex offender. A hearing on appellant's petition was conducted by the juvenile court in January 2020. At the hearing appellant called his wife and mother as witnesses and also testified on his own behalf. Appellant testified that he had graduated from high school. He had been accepted into the Warren County Career Center's information technology

---

1. The Mary Haven Youth Center is a juvenile delinquent residential behavioral treatment program operated by the Warren County Juvenile Court and should not be confused with Maryhaven, the behavioral health and addiction treatment center, with various locations in central Ohio.

2. The juvenile offender registrant designation was mandatory pursuant to R.C. 2152.83(A) because appellant was 17 years old at the time of the offense. *State v. B.C.M.*, 12th Dist. Warren No. CA2017-01-008, 2018-Ohio-915, ¶ 8-9. However, the juvenile court had discretion to determine the appropriate sex offender tier classification. *In re R.B.*, Slip Opinion 2020-Ohio-5476, ¶ 5; *In re T.M.*, 12th Dist. Fayette No. CA2015-07-017, 2016-Ohio-162, ¶ 25.

program but was subsequently removed from the program due to his sex offender classification. He also told the juvenile court he had not been charged with other crimes since he was last before the court or violated the terms of his probation.

{¶ 6} Appellant further informed the juvenile court that he maintained steady employment, had married, and that he and his wife resided with his parents. Appellant's mother and wife testified that appellant had become a productive member of society and expressed their views that appellant displayed positive character traits. On cross-examination, however, wife revealed that appellant had not thoroughly disclosed the nature of appellant's offense to her when she first met him. The state did not offer any evidence, but it presented the victim of the offense to provide a short victim impact statement to the juvenile court in which she vehemently opposed the termination of appellant's juvenile offender registrant designation.

{¶ 7} The juvenile court denied appellant's petition. In February 2020, appellant filed a motion for reconsideration of the denial of his petition to terminate his Tier I sex offender classification. The juvenile court denied appellant's motion for reconsideration holding that such reconsideration motion was improper because the reconsideration of a final judgment is a nullity. The juvenile court went on to explain that even if reconsideration were proper and it were to consider the merits of appellant's motion, the juvenile court would deny appellant's motion. The juvenile court continued by referencing appellant's minimized account of his sexual offense to his wife on their first date and determining that appellant "has little to no genuine remorse or compunction for the wrongful acts he inflicted on the victim."

{¶ 8} Appellant appealed the juvenile court's denial of his motion for reconsideration. The state moved to dismiss the appeal, arguing that the decision denying declassification of appellant's juvenile offender registration constituted a final order and a

juvenile court does not have authority to reconsider final orders. Therefore, the entry denying reconsideration was a nullity, not appealable as a final order, and this court lacked jurisdiction to consider the appeal. In his response, appellant argued the juvenile court had authority to construe the motion to reconsider as a motion for relief from judgment. Alternatively, appellant requested that this court grant him leave to file a delayed appeal. While finding merit to the state's argument that a decision on a motion for reconsideration is not a final appealable order, this court construed appellant's response to the motion to dismiss as a motion for a delayed appeal and granted that motion.

{¶ 9} Appellant raises one assignment of error for review:

{¶ 10} THE JUVENILE COURT ERRED WHEN IT DENIED D.J.'S MOTION FOR DECLASSIFICATION.

{¶ 11} Appellant argues that the juvenile court abused its discretion denying his petition to terminate his juvenile offender registrant designation and sex offender classification. Appellant contends that the juvenile court improperly focused on the act charged, rape, not the offense for which he was adjudicated, gross sexual imposition; unreasonably found that he lacked remorse for his offense; and ignored his compliance with the dispositional orders.

{¶ 12} Pursuant to R.C. 2152.85, a delinquent child who has been designated as a juvenile offender registrant and classified as a sex offender may petition the juvenile court to modify or terminate the classification "not earlier than three years after the entry of the juvenile court judge's order after the mandatory [completion of disposition] hearing conducted under section 2152.84 of the Revised Code." R.C. 2152.85(B)(1). To determine whether to continue or terminate the registration pursuant to R.C. 2152.85(C), the juvenile court may consider all relevant factors and information, including the following factors of R.C. 2152.83(D):

(1) The nature of the sexually oriented offense or the child-victim oriented offense committed by the child;

(2) Whether the child has shown any genuine remorse or compunction for the offense;

(3) The public interest and safety;

(4) The factors set forth in division (K) of section 2950.11 of the Revised Code, provided that references in the factors as set forth in that division to "the offender" shall be construed for purposes of this division to be references to "the delinquent child;"

(5) The factors set forth in divisions (B) and (C) of section 2929.12 of the Revised Code as those factors apply regarding the delinquent child, the offense, and the victim;

(6) The results of any treatment provided to the child and of any follow-up professional assessment of the child.

The juvenile court judge maintains discretion throughout the course of the registration period to consider whether to continue, modify, or terminate the juvenile offender registration. *In re D.S.*, 146 Ohio St.3d 182, 2016-Ohio-1027, ¶ 36. R.C. 2152.85(C) explicitly commits the decision to modify or declassify the registration to the discretion of the juvenile court. Accordingly, an appellate court will not reverse the juvenile court's decision absent an abuse of discretion. An abuse of discretion is more than an error of law; it is an attitude of the court that is unreasonable, arbitrary, or unconscionable. *In re J.B.*, 12th Dist. Butler No. CA2004-09-226, 2005-Ohio-7029, ¶ 35, citing *State v. Adams*, 62 Ohio St.2d 151, 157 (1980). When applying an abuse of discretion standard, an appellate court may not substitute its judgment for that of the lower court. *In re R.B.*, 12th Dist. Butler No. CA2012-09-176, 2013-Ohio-2392, ¶ 14.

{¶ 13} After review of the record, we hold that the trial court did not abuse its discretion denying appellant's petition to terminate his juvenile offender registrant designation and sex offender classification. Contrary to appellant's argument, the juvenile

court did not improperly evaluate the factors.  The juvenile court's judgment entry denying the petition demonstrated that the juvenile court considered all the relevant statutory factors and weighed the evidence presented by appellant.

{¶ 14} Appellant argues that the trial court erred by describing the offense as "penile penetration" of the victim because he was adjudicated delinquent for committing gross sexual imposition, which involves only "sexual contact" as opposed to "sexual conduct". Appellant has not cited any authority to support his position that the trial court could not consider the facts underlying the adjudication and we find his argument unpersuasive.  On the contrary, one of the factors for the juvenile court to consider is the nature of the offense of which appellant was adjudicated.  R.C. 2152.83(D)(1).

{¶ 15} R.C. 2907.01(A) defines "sexual conduct" as including "vaginal intercourse between a male and female."  R.C. 2907.01(B) defines "sexual contact" as including "any touching of * * * the * * * genitals * * *."  Thus, while "vaginal intercourse" is "sexual conduct," it is also "sexual contact" because it necessarily involves touching the genitals.  Even though appellant was adjudicated delinquent for commission of gross sexual imposition, it was not improper for the juvenile court to consider that appellant's conduct constituting the offense was "penile penetration."

{¶ 16} The juvenile court could consider the specific facts of the offense underlying his adjudication.  *See State v. Huntley*, 4th Dist. Hocking No. 02CA15, 2002-Ohio-6806, ¶ 14 (trial court may consider "true facts" of offense underlying an agreement to plead guilty to a lesser offense); *See also State v. Bowser,* 186 Ohio App.3d 162, 2010-Ohio-951, ¶ 15-16 (2d Dist.).  At the adjudication hearing, appellant had admitted that the facts contained in the investigation report were true.  This report described appellant's action as a forceful insertion of his penis into the victim's vagina.  During the declassification hearing, appellant acknowledged that there were aggravating circumstances to the offense such as physical

force, intimidation, and prolonged restraint of the victim. In addition to considering the underlying facts of the offense, the juvenile court also discussed the significant and detrimental effect the offense had on the victim both physically and psychologically.[3] The juvenile court did not improperly focus on the act charged as opposed to the act adjudicated when it considered the nature of the offense in relation to appellant's juvenile offender registrant designation.

{¶ 17} Next, the juvenile court was not unreasonable in having concerns about appellant's lack of remorse. The juvenile court found it significant that appellant's wife had a flawed understanding of the offense. The juvenile court noted that appellant's description of the offense to his wife was "vague, minimized, and conveniently lacking in particularity." The failure to initially disclose the nature of the offense was compounded by appellant's failure to thoroughly explain the offense to his wife later in the relationship. Ultimately, it was appellant's decision to withhold his past actions from his wife that suggested a "lack of accountability." Accordingly, the juvenile court determined that appellant was never fully successfully rehabilitated from his wrongful actions.

{¶ 18} Although appellant points to his successful completion of the sex offender treatment program while serving the dispositional order and the fact that he never violated the terms of his probation, it was within the juvenile court's discretion to determine what weight it afforded to the different factors. *See In re T.M.*, 12th Dist. Fayette No. CA2015-07-017, 2016-Ohio-162, ¶ 27 (juvenile court in the best position to assess and weigh evidence relevant to R.C. 2152.83[D] factors). The juvenile court's decision to deny appellant's petition to terminate his juvenile offender registrant designation and sex offender classification was not unreasonable, arbitrary, or unconscionable because it had support in

---

3. In her statement to the court, the victim explained that after appellant's offense against her she suffered suicidal ideations and had immense difficulty in college.

the record.  In light of the foregoing, appellant's sole assignment of error is overruled.

{¶ 19}  Judgment affirmed.


S. POWELL and BYRNE, JJ., concur.