[Cite as *In re J.T.*, 2025-Ohio-4846.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

IN RE  J.T.                                    :

                                               :          No. 114764

A Minor Child                                  :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:**  AFFIRMED
**RELEASED AND JOURNALIZED:**  October 23, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. DL24102335

---

### *Appearances:*

Edward F. Borkowski, Jr., *for appellant.*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Nicholas Fink, Assistant Prosecuting
Attorney, *for appellee.*

MICHELLE J. SHEEHAN, P.J.:

{¶ 1} Defendant-appellant J.T. challenges the juvenile court's order classifying him a Tier I juvenile sex offender.  The record demonstrates that the juvenile court considered the relevant statutory factors necessary to classify J.T. as a Tier I juvenile sex offender and did not abuse its discretion in doing so.  We affirm the judgment of the juvenile court.

## I. Procedural History and Relevant Facts.

{¶ 2} On March 11, 2024, a complaint was filed with the Cuyahoga County Common Pleas Court, Juvenile Division, Case No. DL-24-102355, alleging J.T. to be a delinquent child. The complaint alleged that J.T. had committed offenses that, if committed by an adult, would constitute two counts of rape and eight counts of gross sexual imposition upon a juvenile female victim, identified in the complaint as "Jane Doe."

{¶ 3} On October 17, 2024, J.T. entered into a plea agreement with the State of Ohio. J.T. admitted to two counts of gross sexual imposition, felonies of the third degree, as set forth in the complaint. The remaining charges were nolled. The juvenile court accepted J.T.'s admissions and adjudicated him delinquent. The court also referred J.T. for a risk assessment, as well as a predispositional report to be completed by the probation department.

{¶ 4} A dispositional hearing was held on December 18, 2024. The juvenile court placed J.T. on community-control sanctions for a term of one year. A sexual registration and classification hearing was held the same day, pursuant to R.C. 2152.83(B)(2). It was undisputed that it was within the juvenile court's discretion whether J.T. would be required to register as a juvenile-sex offender. The State requested J.T. be classified as a sexual offender but deferred to the court with respect to the tier level of registration. The State noted that J.T. was 15 years old at the time of the offenses and the victim was his 11-year-old sister. Counsel for J.T.

argued against sex-offender registration, directing this court to a number of mitigating factors.

{¶ 5} After hearing arguments by both parties, the court classified J.T. a Tier I juvenile sex offender. Prior to doing so, the juvenile court stated:

> In regards to registration, I have reviewed everything, including the mitigation provided by [defense counsel], which I appreciate understanding his history, as well as the risk assessment report, and I have considered all of the discretionary classification factors.

{¶ 6} J.T. filed a notice of appeal of the dispositional entry issued by the juvenile court. He presents one assignment of error for our review:

> The trial court erred by classifying Appellant [J.T.] as a juvenile sex offender.

## II. LAW AND ANALYSIS

### A. Standard of Review

{¶ 7} "A juvenile court is awarded broad discretion in classifying an offender as a Tier I, Tier II, or Tier III juvenile sex offender." *In re K.T.,* 2019-Ohio-4258, ¶ 23 (8th Dist.), citing *In re K.D.H.,* 2013-Ohio-2636, ¶ 8 (12th Dist.), citing *In re C.P.,* 2012-Ohio-1446, ¶ 20. "As such, we review the juvenile court's decision to classify [J.T.] as a juvenile sex offender registrant and under which tier for an abuse of discretion." *In re V.W.,* 2025-Ohio-2773, ¶ 10, citing *In re K.D.H.* at ¶ 8.

{¶ 8} An abuse of discretion is "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219 (1983). "Nor do courts 'have discretion to erroneously apply the law.'" *V.W.* at ¶ 11, quoting *Shiftmed, LLC v.*

*Westchester Parkway Consulting, LLC,* 2025-Ohio-1554, ¶ 18 (8th Dist.), citing *Johnson v. Abdullah,* 2021-Ohio-3304, ¶ 39. We are reminded "that when applying the abuse-of-discretion standard[,] 'we should not substitute our judgment for that of the trial court.'" *T.C. v. R.B.C.,* 2025-Ohio-1544, ¶ 10 (8th Dist.), quoting *Mills v. Mills,* 2025-Ohio-452, ¶ 28 (8th Dist.).

**B. Applicable Law**

{¶ 9} R.C. 2152.82 through 2152.86 and Chapter 2950 govern juvenile-sex-offender classification and registration in Ohio. "'The age of the delinquent child at the time the offense was committed determines whether and how the child may be classified as a sex offender.'" *V.W.* at ¶ 12, quoting *In re D.S.,* 2016-Ohio-1027, ¶ 13. "If a child is 14 or 15 years of age at the time of an offense, the court has discretion over classifying a juvenile as a juvenile sex offender registrant, where the juvenile is not a repeat offender or a serious youthful offender." *In re K.T.,* 2019-Ohio-4258, ¶ 16 (8th Dist.), citing *D.S.* at ¶ 13, citing R.C. 2152.83(B).

{¶ 10} When determining whether a juvenile should be classified as a sex offender, the court must first conduct "a hearing pursuant to R.C. 2152.83(B)(2) to determine whether the delinquent child should be so classified." *In re I.A.,* 2014-Ohio-3155, ¶ 6. "As part of that hearing, a judge must consider numerous statutory factors — including information about the offender, the victim, the nature of the crime, and other factors — before determining whether the juvenile should be subject to juvenile-offender-registrant classification." *Id.*, citing R.C. 2152.83(D). "'If the judge determines that it is appropriate to impose juvenile-offender-

registrant status, the judge must conduct a tier-classification hearing to determine whether the child should be classified as a Tier I, II, or III sex offender.'" *V.W.* at ¶ 13, quoting *D.S.* at ¶ 14. Of the three tiers, Tier I is the least restrictive. *See id.,* citing *State v. Acoff,* 2009-Ohio-6633, ¶ 17 (8th Dist.).

{¶ 11} In making this determination, R.C. 2152.83(D) provides that the juvenile court

> shall consider all relevant factors, including, but not limited to, all of the following:
>
> 1)      The nature of the sexually oriented offense or the child-victim oriented offense committed by the child:
>
> 2)      Whether the child has shown any genuine remorse or compunction for the offense;
>
> 3)      The public interest and safety;
>
> 4)      The factors set forth in division (K) of section 2950.11 of the Revised Code, provided that references in the factors as set forth in that division to "the offender" shall be construed for purposes of this division to be references to "the delinquent child";
>
> 5)      The factors set forth in divisions (B) and (C) of section 2929.12 of the Revised Code as those factors apply regarding the delinquent child, the offense, and the victim;
>
> 5)      The results of any treatment provided to the child and of any follow-up professional assessment of the child.

{¶ 12} The factors set forth in R.C. 2950.11(K) include:

1)      The offender's age;

2)      The offender's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexually oriented offenses or child-victim oriented offenses;

3) The age of the victim of the sexually oriented offense or child-victim oriented offense the offender committed;

4) Whether the sexually oriented offense or child-victim oriented offense the offender committed involved multiple victims;

5) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or child-victim oriented offense the offender committed or to prevent the victim from resisting;

6) If the offender previously has been convicted of, pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be a criminal offense, whether the offender completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sexually oriented offense or a child-victim oriented offense, whether the offender or delinquent child participated in available programs for sex offenders or child-victim offenders;

7) Any mental illness or mental disability of the offender;

8) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense the offender committed or the nature of the offender's interaction in a sexual context with the victim of the child-victim oriented offense the offender committed, whichever is applicable, and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;

9) Whether the offender, during the commission of the sexually oriented offense or child-victim oriented offense the offender committed, displayed cruelty or made one or more threats of cruelty;

10) Any additional behavioral characteristics that contribute to the offender's conduct.

{¶ 13} "The factors set forth in R.C. 2929.12(B) and (C) consider whether the offender's conduct was more or less serious than conduct normally constituting the offense." *V.W.,* 2025-Ohio-2773, at ¶ 16.

**C. Analysis**

{¶ 14} J.T. claims that the juvenile court abused its discretion classifying him as a Tier I juvenile sex offender. Specifically, J.T. argues that "the trial court's determination that the statutory factors weighed in favor of classifying J.T. as a [T]ier I sexual offender is not supported by the record."

{¶ 15} We begin by noting "that although the classification statute requires the juvenile court to *consider* the outlined factors, nothing in the statute requires the juvenile court to 'explicitly announce its findings regarding each individual factor before it classifies a child as a juvenile offender registrant.'" (Emphasis in original.) *K.T.,* 2019-Ohio-4258, at ¶ 25 (8th Dist.), quoting *In re C.R.,* 2014-Ohio-1936, ¶ 6 (4th Dist.).

{¶ 16} Here, the judge stated that with regard to registration, she had "reviewed everything, including the mitigation provided by [defense counsel], which I appreciate understanding his history, as well as the risk assessment report, and I have considered all of the discretionary classification factors." The court also included these findings in its journal entry:

> Upon the commencement of a discretionary juvenile offender registration hearing, to the extent applicable, the court reviewed the nature of the sexually oriented offense or child-victim oriented offense committed by the child; whether the child has shown any genuine remorse or compunction for the offense; the public interest and safety; the factors set forth in division (K) of section 2950.11 of the Revised Code, the factors set forth in divisions (B) and (C) of section 2929.12 of the Revised Code; the offense, and the victim; the results of any treatment provided to the child and of any follow-up professional assessment of the child.

{¶ 17} Concerning the factors set forth in R.C. 2152.83(D), there is evidence in the record to support the juvenile court's classification of J.T. as a Tier I sexual offender. First, with respect to the nature of the sexually oriented offense, the prosecutor relayed to the juvenile court that the female victim was 11 years old at the time of the offense and J.T.'s younger sister. J.T. inappropriately touched the victim in a sexual manner while she was asleep. According to the prosecution, this type of inappropriate sexual touching occurred repeatedly. The police reports also indicate that the victim stated that J.T. was "touching [her] in [her] sleep, rubbing on my butt and private area."

{¶ 18} Second, the court considered whether J.T. had "shown any genuine remorse or compunction for the offense[.]" R.C. 2152.83(D)(2). J.T. argues that in the social history report, when asked about the offense, J.T. stated that "I'm upset, I feel sick inside." And "I'm not feeling good about the whole situation, this hurt my relationship with my sister." The report also indicated that he does not blame anybody else for this offense. J.T. claims this statement demonstrates remorse.

{¶ 19} However, the social history report also includes a statement from J.T. claiming that "the events that were described by the victim did not happen." Similarly, when given an opportunity to speak at the dispositional hearing, J.T. claimed, "You know, I don't think the full truth was given here today." He also stated that "I would like everybody here to know that everybody here is not perfect. And [the victim] knows that as well. We all have been through some things."

{¶ 20} In determining whether J.T. had shown any remorse, the juvenile court stated that J.T. was "not really there yet with taking responsibility for what happened here." The court noted, "I hear kind of blaming everybody and in the assessments, and I do understand that it's a process, but there was not — been a level of responsibility or accountability that I feel would be appropriate."

{¶ 21} Finally, towards the end of the dispositional hearing, when discussing the victim, J.T. appeared to lay some blame on the victim before being cut off by the judge. J.T. stated:

> I've been protecting her forever. She has tried to get my other little sister to touch me, and she said, no. She's pulled down my zipper while I'm asleep, while I'm asleep, and pulled out my private —

{¶ 22} After reviewing the social history report and J.T.'s statements at the dispositional hearing, we find the record demonstrates that the juvenile court was well within its discretion in concluding that J.T. had not shown genuine remorse or compunction.

{¶ 23} Third, the juvenile court also considered the public's interest and safety. It should be noted that "the purpose of sex-offender registration is to protect the public, and that the legislature's concern for recidivism and public safety provides a rational basis for treating juvenile sex offenders differently based on their ages." *In re D.R.*, 2021-Ohio-1797, ¶ 7 (1st Dist.), citing *In re M.I.*, 2017-Ohio-1524, ¶ 2 – 6 (1st Dist.).

{¶ 24} Here, the victim's mother told the court that since the offense, the victim has been diagnosed with post-traumatic stress disorder and attends

counseling on a weekly basis. She also noted that the victim's behavior has changed from "friendly, honest, sweet, responsible to aggressive, disobedient, controlling, lying and carelessness. Some days she didn't even want to take a shower." The victim also spoke, stating that J.T. had "ruined me and my childhood."

{¶ 25} The juvenile court noted that "there has been serious psychological harm on the victim in this matter, including nightmares, change in behavior." The court also noted that J.T. is the victim's older brother and that he "should have been protecting her, and that [he] did not act like that. It was an extreme abuse of trust." This, along with the court's finding that J.T. had not fully taken responsibility for what he did, supports the juvenile court's finding that it was in the public's interest to require registration.

{¶ 26} Fourth, with respect to the R.C. 2950.11(K) factors, J.T. claims that the factors weigh in his favor. J.T. argues that his young age at the time of the offense, the fact that there was only one victim, neither drugs nor alcohol were used to impair the victim, that he did not engage in a pattern of abuse or cruelty during the offense, and his past trauma weigh against being classified as a Tier I sex offender. However, the record also includes evidence that weighs against these statutory factors, including the fact that the victim was only 11 years old at the time of the offense, J.T. committed the offense when the victim was sleeping, the victim was his younger sister, and the offenses occurred on multiple occasions.

{¶ 27} Trial courts have broad discretion in determining the weight to assign to statutory factors. *State v. Clarke,* 2018-Ohio-176, ¶ 14 (8th Dist.), citing *State v.*

*Arnett,* 2000-Ohio-302. As such, we find that the juvenile court was well within its discretion to weigh each individual factor and determine whether the facts weighed in support of registration.

{¶ 28} Fifth, with respect to the R.C. 2929.12(B) factors, the trial court noted the psychological trauma that the victim had suffered as a result of the offense. It is also undisputed that the victim was J.T.'s 11-year-old sister. The juvenile court was within its discretion to assign as little or as much weight to each factor as it deemed appropriate.

{¶ 29} Finally, R.C. 2152.83(D)(6) requires the trial court to consider "the results of any treatment provided to the child and of any follow-up professional assessment of the child." The social history report indicates that J.T. was referred to treatment in the past, which the court did consider.

## III. Conclusion

{¶ 30} After a thorough review of the record, we determine that the juvenile court did not abuse its discretion classifying J.T. a Tier I juvenile sex offender. The juvenile court was in the best position to weigh the evidence with respect to the relevant factors set forth in R.C. 2152.83(D). *In re Z.M.,* 2022-Ohio-194, ¶ 28 (8th Dist.), citing *In re D.J.,* 2021-Ohio-278 (12th Dist.), citing *In re T.M.,* 2016-Ohio-162, ¶ 27 (12th Dist.) ("The juvenile court was in the best position to assess and weigh evidence before it.").

{¶ 31} Taking into account the victim's young age, the offender's relationship to the victim, J.T.'s apparent inability to take accountability for what occurred, the

serious nature of the offense, the trauma incurred by the victim, and the fact that the offense occurred while the victim slept, we cannot say that the juvenile court "'applie[d] the wrong legal standard, misapplie[d] the correct legal standard, or relie[d] on clearly erroneous findings of fact'" in classifying J.T. as a Tier I juvenile sex offender. *V.W.*, 2025-Ohio-2773, ¶ 27 (8th Dist.), quoting *Thomas*, 2008-Ohio-1720, at ¶ 15 (8th Dist.). And because the record contains evidence sufficient to support these findings, we will not substitute our judgment with that of the juvenile court. *Id.*, citing *T.C.*, 2025-Ohio-1544, at ¶ 10 (8th Dist.).

{¶ 32} Accordingly, J.T.'s sole assignment of error is overruled.

{¶ 33} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, PRESIDING JUDGE

EMANUELLA D. GROVES, J., and
MARY J. BOYLE, J., CONCUR