[Cite as *In re T.M.*, 2017-Ohio-156.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

IN THE MATTER OF:           :        **O P I N I O N**

T.M., DELINQUENT CHILD      :

CASE NO.  2016-G-0067

Appeal from the Geauga County Court of Common Pleas, Juvenile Division, Case No. 15 JD 106.

Judgment:  Affirmed.

*James R. Flaiz*, Geauga County Prosecutor, and *Melissa J. Lee*, Assistant Prosecutor, Courthouse Annex, 231 Main Street, Suite 3A, Chardon, OH  44024 (For Appellee).

*Timothy Young*, Ohio Public Defender, and *Charlyn Bohland*, Assistant State Public Defender, 250 East Broad Street, Suite 1400, Columbus, OH  43215-9308 (For Appellant).

THOMAS R. WRIGHT, J.

{¶1}    Appellant, T.M., appeals the juvenile court's judgment designating him as a Tier III juvenile sex offender registrant.  He asserts that the court abused its discretion in not giving greater weight to the fact that he had modified his behavior and completed sex offender treatment.  For the following reasons, we affirm the juvenile court's ruling.

{¶2}    Appellant was born on December 10, 1998, and lived in Geauga County

with his natural family the majority of his early childhood. On at least two occasions, he and his sister were removed from their natural parents' home and placed with a foster family. At some point, his sister was allowed to stay with a foster family, while he was required to leave.

{¶3} In January 2014, appellant was living in a foster home in Cuyahoga County. Also residing in the foster home was a six-year-old boy who was unrelated to appellant. On a number of occasions over a four-month period, appellant compelled the younger child to engage in oral sex. Since the foster home was in Cuyahoga County, a three-count complaint was filed against appellant in that county's juvenile court. He was charged with two counts of rape and one count of kidnapping.

{¶4} In November 2014, appellant admitted the allegations contained in the first count of rape, and the state dismissed the remaining two counts. Upon accepting appellant's admission, the Cuyahoga County Juvenile Court found him to be a delinquent child. Since appellant was a legal resident of Geauga County, the Cuyahoga County court further ordered that the case be transferred to the Geauga County Juvenile Court for final disposition.

{¶5} During the interim period after the entry of his "true" plea, appellant lived in a community home in Bedford, Ohio. However, after conducting a dispositional hearing in April 2015, the Geauga County Juvenile Court ordered him committed to the custody of the Ohio Department of Youth Services for an indefinite period of between one year and the date of his twenty-first birthday. The court further indicated that a sex offender classification hearing would be held prior to appellant's release from the department's custody.

{¶6} After serving approximately nine months at a department facility, appellant

2

moved for immediate judicial release. During the initial hearing on this motion, it was again noted that appellant could not be released from the department's custody until the juvenile court determined whether he would have any reporting requirements as a sex offender. In order to facilitate that determination, the court ordered appellant to undergo a sexual aggression assessment, and set the matter for a final evidentiary hearing on February 29, 2016.

{¶7} At the outset of the final hearing, the state recommended that appellant be designated as a Tier III sex offender. In support, the state noted the nature of the rape offense, the age of the victim, and the need to protect the public. In response, appellant asserted that he should not be classified as a juvenile sex offender of any type because he successfully completed the sex offender treatment program and behaved properly in the juvenile facility. In addition to the report on the sexual aggression assessment, appellant introduced the testimony of the guardian ad litem and his parole officer.

{¶8} In its final judgment, the juvenile court ordered appellant to be classified as both a juvenile offender registrant and a Tier III sex offender. In essentially holding that the nature of the rape offense and the public interest outweighed any improvements to appellant's behavior as a result of treatment, the court noted that, according to the psychologist who conducted the latest assessment, appellant committed the rapes because he was frustrated with his situation in the foster home. The juvenile court further noted that a prior assessment report stated that appellant had been sexually involved with at least one other victim on multiple occasions.

{¶9} In seeking reversal of the sex offender determination, appellant raises one assignment of error for review:

{¶10} "The juvenile court abused its discretion when it classified T.M. as a tier III

3

juvenile offender registrant."

{¶11} In claiming that the facts of this case did not warrant his classification as a juvenile offender registrant or a Tier III sex offender, appellant contends that the juvenile court did not properly evaluate the various statutory factors that govern this determination. First, he asserts that the court placed too much emphasis on the nature of the underlying offense and the surrounding circumstances. Second, he asserts that the court did not give enough weight to: (1) his genuine remorse for his actions; (2) the improvement of his behavior and his completion of sex offender treatment while he was in the youth facility; and (3) the extent of the possibility that he will commit a new sexual offense in the future.

{¶12} The statutory definition of "sex offender" includes a person who has been adjudicated a delinquent child for the commission of a sexually oriented offense. R.C. 2950.01(B)(1). Rape under R.C. 2907.02(A)(2) is a sexually oriented offense which, if appellant had been an adult, requires classification as a Tier III sexual offender. *See* R.C. 2950.01(A) & (G). Tier III is the most severe classification that can be imposed.

{¶13} For a juvenile, the process for classifying an adjudicated sex offender has two steps. First, the court must decide whether the juvenile should be designated as a juvenile offender registrant under R.C. Chapter 2950. *In re Q.J.*, 7th Dist. Belmont No. 11 BE 30, 2012-Ohio-4210, ¶11. The decision to classify a juvenile as a juvenile offender registrant can be mandatory or discretionary. *See* R.C. 2152.83(A) & (B). If the juvenile is deemed to be a juvenile offender registrant, the second step involves the designation as Tier I, Tier II, or Tier III.

{¶14} In this case, appellant was fifteen years old when he committed the rape, did not have a previous adjudication for a sexually-oriented offense, and had not been

4

labeled as a serious youthful offender. Consequently, the determination to designate him as a juvenile offender registrant and the tier level was discretionary. R.C. 2152.82, 2152.83(B)(1), & 2152.86; *In re K.D.H.*, 12th Dist. Butler No. CA2012-09-188, 2013-Ohio-2636, ¶8. A trial court abuses its discretion when its judgment fails to comport with either reason or the record. *Cobb v. Shipman*, 11th Dist. Trumbull No. 2013-T-0117, 2015-Ohio-2604, ¶19. "An abuse of discretion may be found when the trial court 'applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact.'" *Id.* quoting *Thomas v. City of Cleveland*, 176 Ohio App.3d 401, 2008-Ohio-1720, 892 N.E.2d 454 ¶15 (8th Dist.).

{¶15} Prior to making its "juvenile offender registrant" decision, the juvenile court is obligated to conduct a hearing. R.C. 2152.83(B)(2). The juvenile court is required to consider all relevant factors, including: (1) the nature of the offense; (2) whether the offender has shown genuine remorse or compunction; (3) the public interest and safety; (4) the factors in R.C. 2950.11(K); (5) the relevant factors in R.C. 2929.12(B)&(C); and (6) results of any treatment and any follow-up professional assessment. R.C. 2152.83(D).

{¶16} The R.C. 2950.11(K) factors are: (1) the offender's age; (2) the offender's prior record; (3) the victim's age; (4) whether the offense involved multiple victims; (5) whether drugs or alcohol were used to impair the victim; (6) prior sentence completions; (7) any mental illness or mental disability of the offender; (8) the nature of the sexual interaction and whether the conduct was a demonstrated pattern of abuse; (9) whether the offender displayed or threatened cruelty during the offense; and (10) any additional behavioral characteristics.

{¶17} The existence of the following factors make an offense more serious: (1)

5

any physical or mental injury suffered by the victim which was exacerbated due to the victim's physical or mental condition or age; (2) the victim suffered serious physical, psychological, or economic harm; (3-5) dealing with the offender's position in the community; (6) the offender's relationship with the victim facilitated the offense; (7) the offender committed the offense for hire or as a part of an organized criminal activity; (8) the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion; and (9) dealing with family or household members. R.C. 2929.12(B).

{¶18} The existence of the following factors make an offense less serious: (1) the victim induced or facilitated the offense; (2) the offender acted under strong provocation; (3) the offender did not cause or expect to cause physical harm to any person or property; and (4) there are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to be a defense. R.C. 2929.12(C).

{¶19} In concluding that appellant should be deemed a juvenile offender registrant, the juvenile court placed considerable emphasis upon the nature of the offense. In contesting this aspect of the court's analysis, appellant asserts that the court should have given more weight to the fact that he was only fifteen years old when he committed the crime. However, other aspects of the underlying facts were entitled to greater weight than appellant's age. First, there is no dispute that the victim of the rape was only six years old. Second, the victim was also a fellow foster child who resided in the same home as appellant; thus, as an older child, appellant was in place of control and influence over the victim. Third, even though appellant was only charged with one count of rape, there is no dispute that he compelled the victim to engage in oral sex on multiple times over four months. The latter fact supports the conclusion that appellant

6

terrorized the victim.

{¶20} Additionally, the juvenile court's analysis on the "nature of the offense" factor was predicated in part upon a statement set forth in the report on the latest sexual aggression assessment. Specifically, the psychologist stated that appellant had raped the victim because he was frustrated with his foster home situation and had acted out in an attempt to resolve his negative feelings. The court found this statement to be both revealing and disturbing. According to appellant, the court misinterpreted the statement, arguing that it was not meant to give any indication regarding his likelihood of committing future sexual offenses.

{¶21} The psychologist who wrote the report did not testify at the final hearing. Although an employee of the county family services agency told the juvenile court what her interpretation of the statement was, her assertion was not made under oath and was not entitled to significant weight. When the psychologist's statement is viewed in the context of the entire report, the juvenile court could justifiably interpret the statement to indicate that appellant could be prone in the future to commit new violent sex offenses whenever he is faced with stressful situations. This point would not only be relevant to the nature of the offense he committed, but also to the likelihood that he would commit a similar offense in the future.

{¶22} Although not referenced in appellant's brief, the juvenile court's judgment cited a second statement from the report accompanying a J-Soap-II assessment which was performed in May 2015, shortly after appellant was taken to the department facility. This statement provided: "Of concern is the fact that [T.M.] has been sexually involved with more than two victims on more than a single occasion each time, repeated his behaviors even after having sanctions brought against him, and engaged in multiple

7

behaviors."

{¶23} This quote from a professional report clearly shows that appellant's rape of the six-year-old victim was not a singular, isolated incident. Furthermore, the quote indicates that appellant continued his criminal behavior even after he was disciplined for the behavior. Accordingly, the record contained considerable evidence from which the juvenile court could conclude that the nature of appellant sexual offense was entitled to significant weight as part of the "juvenile offender registrant" analysis.

{¶24} In his second challenge to the juvenile court's judgment, appellant argues that the court did not accord adequate weight to the fact that he had displayed genuine remorse for his actions with the victim. In its judgment, the court found that the degree of appellant's remorse was unclear. Appellant argues that the court did not consider the testimony of the guardian ad litem and the parole officer, who both stated that appellant acknowledged the impropriety of his behavior and its impact upon the victim.

{¶25} In the most recent sexual aggression assessment, the psychologist stated that appellant's ability to show empathy and remorse was somewhat impaired due to his mild autism spectrum presentation. Although the psychologist also noted that appellant had improved his ability to verbalize his remorse for his actions, the psychologist's first statement is sufficient to support the factual finding that appellant still had difficulty in empathizing with his victim.

{¶26} Next, appellant submits that the juvenile court should have found that the evidence concerning his likelihood of committing future sex offenses weighed in favor of not imposing any reporting requirements. However, the only evidence on this question indicated that, on a scale of 1 to 10, his rate of possible recidivism was 4 to 5. Appellant claims that this rate places him in the low-moderate range of committing future offenses.

8

But, given the serious nature of rape, the chance of recidivism supported the decision that the public could only be adequately protected through the imposition of reporting requirements.

**{¶27}** Last, appellant maintains that the juvenile court should have given greater weight to the behavioral improvements he exhibited during his nine months in the youth facility. As to this point, he notes that he completed a sex offender treatment program, achieved high grades in his school work, and did not get into any trouble at the facility. However, notwithstanding the strength of the evidence on this issue, it was insufficient to overcome the evidence as to the nature of the underlying offense and the likelihood that he will commit future sex offenses. Nine months of good behavior did not suffice to show that appellant did not pose a serious threat to the public.

**{¶28}** Pursuant to the foregoing discussion, the juvenile court did not abuse its discretion.

**{¶29}** Appellant's sole assignment of error is without merit. Thus, the judgment of the Geauga County Court of Common Pleas, Juvenile Division, is affirmed.


CYNTHIA WESTCOTT RICE, P.J.,

TIMOTHY P. CANNON, J.,

concur.

9