[Cite as *In re J.A.T.*, 2023-Ohio-1854.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

IN THE MATTER OF:

J.A.T., DELINQUENT CHILD

CASE NO. 2022-T-0108

Criminal Appeal from the
Court of Common Pleas,
Juvenile Division

Trial Court No. 2020 JD 00157

**O P I N I O N**

Decided: June 5, 2023
Judgment: Affirmed

*Dennis Watkins*, Trumbull County Prosecutor, and *Ryan J. Sanders*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Appellee, State of Ohio).

*Gregory S. Robey*, Robey & Robey, 14402 Granger Road, Cleveland, OH 44137 (For Appellant, J.A.T.).

MARY JANE TRAPP, J.

{¶1} Appellant, J.A.T., delinquent child, appeals the judgment of the Trumbull County Court of Common Pleas, Juvenile Division, adopting the magistrate's decision and classifying him as a tier II sexually oriented offender.

{¶2} J.A.T. asserts one assignment of error, contending the juvenile court erred and abused its discretion by classifying him as such without properly considering the required factors in R.C. 2152.83(D).

{¶3} After a careful review of the record and pertinent law, we find J.A.T. has not established plain error regarding the juvenile court's classification. Thus, we affirm the judgment of the Trumbull County Court of Common Pleas, Juvenile Division.

## Substantive and Procedural History

{¶4} In May 2020, a complaint was filed in the Trumbull County Court of Common Pleas, Juvenile Division, alleging J.A.T. is a delinquent child for committing the offenses of rape in violation of R.C. 2907.02(A)(1)(b) and gross sexual imposition in violation of R.C. 2907.05(A)(4) and (C)(2). Both offenses would constitute felonies if committed by an adult. The charges stemmed from allegations that J.A.T., who was 15, engaged in sexual conduct/contact with his four-year-old sister.

{¶5} In August 2020, J.A.T. appeared with counsel, waived his rights, and entered a plea of "true" to the rape offense in exchange for dismissal of the gross sexual imposition offense. The juvenile court sentenced J.A.T. to serve a minimum of 12 months at the Ohio Department of Youth Services ("DYS"), with his commitment not to exceed his attainment of age 21. The juvenile court ordered J.A.T. to complete an adolescent sex offender program at the facility and informed J.A.T. that a sexually oriented offender classification hearing would be held prior to his release.

{¶6} On November 2, 2022, the magistrate held the classification hearing. The state, J.A.T., and his counsel appeared, along with J.A.T.'s father, parole officer, and therapist. The magistrate explained registration was discretionary because J.A.T. was 15 at the time of the offense.

{¶7} The state requested that the juvenile court classify J.A.T. as a tier III sexually oriented offender, i.e., the most severe classification, due to his and the victim's

2

ages at the time of the offense and because J.A.T. had been denied eligibility for parole on four prior occasions because of his failure to complete the adolescent sex offender program.

{¶8} J.A.T.'s counsel requested that the juvenile court not classify J.A.T. as a sexually oriented offender because he completed the sex offender program. J.A.T.'s therapist informed the magistrate that J.A.T. completed the program on October 3, 2022, i.e., approximately one month prior to the classification hearing.

{¶9} The magistrate determined registration was necessary based on the level of J.A.T.'s offense and the age of the victim. The magistrate also made the following findings: there was only one victim, not multiple victims; there was no use of drugs or alcohol to impair the victim; J.A.T. had no prior record of delinquency; and there was no evidence demonstrating a pattern of abuse or extreme cruelty or any threats of cruelty. However, the magistrate also found that due to the victim's age, the physical or mental injuries suffered were exacerbated. The magistrate also considered the fact J.A.T. took over two years to complete the sex offender program. Therefore, the magistrate determined J.A.T. should be classified as a tier II sexually oriented offender.

{¶10} The hearing transcript depicts several instances where J.A.T.'s father interrupted the proceedings, making comments such as, "Are you kidding me?" and "That's so stupid." When the magistrate referenced J.A.T.'s delay in completing the sex offender program, J.A.T.'s father interjected, "Because he has a learning disability."

{¶11} Following the hearing, the magistrate filed a decision recommending J.A.T. be classified as a tier II sexually oriented offender. J.A.T. did not file objections pursuant to Juv.R. 40(D)(3)(b). On November 10, 2022, the juvenile court filed a judgment entry

3

adopting the magistrate's decision and ordering J.A.T. to register as a tier II sexually oriented offender.

{¶12} J.A.T., through counsel, filed a notice of appeal.[1] J.A.T. subsequently filed a motion to supplement the record, attaching a one-page "Sexualized Behavior Program Assessment" from Cadence Care Network dated June 3, 2020 ("the CCN letter"), and a four-page "report" completed by Robert Rowland dated September 9, 2020. This court remanded the matter to the juvenile court to determine whether the referenced documents should be part of the record. The juvenile court filed a judgment entry stating that the CCN letter is a part of, and should be supplemented to, the record. However, the juvenile court also found that the four-page report was a screening tool used by the juvenile probation department and is therefore not properly in the record.

{¶13} J.A.T. asserts the following sole assignment of error:

{¶14} "The trial court erred and abused its discretion when it classified appellant as a tier II sexually oriented offender without properly considering the required factors set forth in R.C. 2152.83(D)."

**Standard of Review**

{¶15} As stated, J.A.T. did not file objections to the magistrate's decision. Juv.R. 40(D)(3)(b)(iv) provides, "Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Juv.R. 40(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by

---

1. Different counsel also filed a notice of appeal on J.A.T.'s behalf, which this court sua sponte dismissed as duplicative. *See In re J.A.T.*, 11th Dist. Trumbull No. 2022-T-0118.

4

Case No. 2022-T-0108

Juv.R. 40(D)(3)(b)." *See In re J.D.*, 11th Dist. Lake No. 2021-L-126, 2022-Ohio-2334, ¶ 9, *appeal not accepted*, 168 Ohio St.3d 1447, 2022-Ohio-3909, 197 N.E.3d 585.

{¶16} "[T]he plain-error standard that [applies] in criminal proceedings [applies] when errors that are not preserved arise in juvenile-delinquency proceedings." *State v. Morgan*, 153 Ohio St.3d 196, 2017-Ohio-7565, 103 N.E.3d 784, ¶ 49. To demonstrate plain error, an appellant must show (1) there was an error, (2) the error was "plain," i.e., obvious, and (3) the error affected the appellant's "substantial rights." *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002). To show an error affected an appellant's substantial rights, he or she must show "a reasonable *probability* that the error resulted in prejudice—the same deferential standard for reviewing ineffective assistance of counsel claims." (Emphasis sic.) *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 22. Therefore, the appellant must show "the probability of a different result is 'sufficient to undermine confidence in the outcome' of the proceeding." *United States v. Dominguez Benitez*, 542 U.S. 74, 83, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004), quoting *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

### Legal Requirements

{¶17} For a juvenile, the process for classifying an adjudicated sex offender has two steps. *In re T.M.*, 11th Dist. Geauga No. 2016-G-0067, 2017-Ohio-156, ¶ 13. First, the court must decide whether the juvenile should be designated as a juvenile offender registrant under R.C. Chapter 2950. *Id.* That decision can either be mandatory or discretionary. *Id.*; *see* R.C. 2152.83(A) and (B). If the juvenile is deemed to be a juvenile

5

offender registrant, the second step involves the designation as tier I, II, or III. *T.M.* at ¶ 13.

{¶18} In this case, J.A.T. was 15 at the time of the offense; he did not have a previous adjudication for a sexually oriented offense; and he had not been labeled as a serious youthful offender. Consequently, the determination to designate him as a juvenile offender registrant and the tier level were discretionary. *See* R.C. 2152.82, 2152.83(B)(1), and 2152.86; *T.M.* at ¶ 14.

{¶19} Prior to making its "juvenile offender registrant" decision, the juvenile court must conduct a hearing. *See* R.C. 2152.83(B)(2); *T.M.* at ¶ 15. The juvenile court is required to consider all relevant factors, including (1) the nature of the offense; (2) whether the juvenile has shown genuine remorse or compunction; (3) the public interest and safety; (4) the factors in R.C. 2950.11(K); (5) the relevant factors in R.C. 2929.12(B) and (C); and (6) the results of any treatment and follow-up professional assessment. *See* R.C. 2152.83(D); *T.M.* at ¶ 15.

{¶20} The factors in R.C. 2950.11(K) are (1) the juvenile's age; (2) the juvenile's prior delinquency record; (3) the victim's age; (4) whether the offense involved multiple victims; (5) whether drugs or alcohol were used to impair the victim; (6) prior sentence completions; (7) any mental illness or mental disability of the juvenile; (8) the nature of the sexual conduct and whether the conduct was a demonstrated pattern of abuse; (9) whether the juvenile displayed or threatened cruelty during the offense; and (10) any additional behavioral characteristics. *See T.M.* at ¶ 16.

{¶21} The factors in R.C. 2929.12(B) are indicative of more serious conduct and include: (1) the physical or mental injury suffered by the victim which was exacerbated

6

due to the victim's physical or mental condition or age; (2) the victim suffered serious physical, psychological, or economic harm; (3-5) the juvenile held a position in the public or community; (6) the juvenile's relationship with the victim facilitated the offense; (7) the juvenile committed the offense for hire or as a part of an organized criminal activity; (8) the juvenile was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion; and (9) the offense involved particular sections of the Revised Code dealing with family or household members. *See T.M.* at ¶ 17.

**{¶22}** The factors in R.C. 2929.12(C) are indicative of less serious conduct and include: (1) the victim induced or facilitated the offense; (2) the juvenile acted under strong provocation; (3) the offender did not cause or expect to cause physical harm to any person or property; and (4) there are substantial grounds to mitigate the juvenile's conduct, although the grounds are not enough to constitute a defense. *See T.M.* at ¶ 18.

## Analysis

**{¶23}** J.A.T. contends the juvenile court improperly considered his delay in completing the sex offender program as a negative factor. According to J.A.T., the delay was "attributed" to his "diagnosed learning disability."

**{¶24}** R.C. 2152.52(D)(6) requires the juvenile court to consider "[t]he results of any treatment provided to the child." While this provision does not expressly reference the existence of delay in completing treatment, the juvenile court is required to consider "all relevant factors, including, but not limited to," those listed in R.C. 2152.83(D)(1) through (6).

**{¶25}** In addition, J.A.T. presented no evidence at the hearing indicating he was diagnosed with a learning disability, much less that it caused the delay in his completion

7

of the program. This allegation came from J.A.T.'s father, which he interjected while the magistrate was speaking. Although the CCN letter does state J.A.T. has a "historical diagnosis of Autism Spectrum Disorder," it does not reference a learning disability. Therefore, we discern no error from the juvenile court's consideration of J.A.T.'s delay in completing treatment as a relevant factor.

{¶26} J.A.T. next contends several positive factors outweighed any negative factors. Two alleged factors, i.e., that J.A.T. lives in Pennsylvania with his grandfather while the victim lives in Trumbull County and that J.A.T. has been diagnosed with ADHD, do not appear anywhere in the record. "[F]actual assertions appearing in a party's brief, but not in any papers submitted for consideration to the trial court below, do not constitute part of the official record on appeal, and an appellate court may not consider these assertions when deciding the merits of the case." *Akro-Plastics v. Drake Indus.*, 115 Ohio App.3d 221, 225, 685 N.E.2d 246 (11th Dist.1996).

{¶27} Two other alleged factors, i.e., that J.A.T. "felt remorse for the victim" and that he has a "low risk level," are purportedly contained in the CCN letter. However, they are not actually referenced in that document; they come from the probation department report the juvenile court expressly determined was *not* part of its record. "A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." *State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500 (1978), paragraph one of the syllabus.

{¶28} Further, J.A.T.'s argument is based on his apparent disagreement with the weight the juvenile court assigned to the statutory factors. The statute only requires the juvenile court to *consider* all relevant factors. *See* R.C. 2152.83(D). The juvenile court

8

is in the best position to assess and weigh the evidence before it. *In re T.M.*, 12th Dist. Fayette No. CA2015-07-017, 2016-Ohio-162, ¶ 27. Therefore, it was within the juvenile court's discretion to determine what weight to afford the different factors. *See In re D.J.*, 12th Dist. Warren No. CA2020-05-029, 2021-Ohio-278, ¶ 18.

{¶29} In sum, J.A.T. has not established plain error. J.A.T.'s sole assignment of error is without merit.

{¶30} For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas, Juvenile Division, is affirmed.

JOHN J. EKLUND, P.J.,

EUGENE A. LUCCI, J.,

concur.