[Cite as *Harding v. Harding*, 2013-Ohio-4660.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| ELIZABETH A. HARDING | : | JUDGES: |
| | : | Hon. William  B. Hoffman, P.J. |
| Plaintiff-Appellant/Cross-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| MICHAEL R. HARDING | : | Case No. 13 CAF 04 0025 |
| | : | |
| Defendant-Appellee/Cross-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:            Appeal from the Court of Common
                                                              Pleas, Domestic Relations Division,
                                                              Case No. 11 DRA 10-578


JUDGMENT:                                       Affirmed


DATE OF JUDGMENT:                        October 21, 2013


APPEARANCES:

For Plaintiff-Appellant                          For Defendant-Appellee

THOMAS J. JEDINAK                          RANDY S. KUREK
JODI R. SMILACK                               155 West Main Street
32 West Hoster Street                         Suite 100
Suite 100                                           Columbus, OH  43215
Columbus, OH  43215
                                                          ANTHONY M. HEALD
Guardian ad Litem                             125 North Sandusky Street
                                                          Delaware, OH  43015
JAMES J. PARDI, II
500 South High Street
Suite 1150
Columbus, OH  43215

*Farmer, J.*

{¶1} Appellant, Elizabeth Harding, and appellee, Michael Harding, were married on March 31, 2001. Two children were born of the marriage: G. born June 1, 2005 and J. born February 12, 2008. On October 17, 2011, appellant filed a complaint for divorce.

{¶2} Hearings before a magistrate commenced on August 16, 2012. By decision filed September 10, 2012, the magistrate recommended designating appellant as the residential parent and legal custodian of the children with a shared parenting plan effective July 16, 2014, keeping the children at their current school district in Hamilton County, a companionship schedule, child support to appellant in the amount of $1,222.00 per month, spousal support to appellant in the amount of $2,000.00 per month for thirty-six months, attorney's fees to appellant in the amount of $32,000.00, and a division of the parties' property. Both parties filed objections. By judgment entry filed March 7, 2013, the trial court changed the effective date of the shared parenting plan to June 14, 2013, and changed the children's school district to Olentangy schools in Delaware County. The trial court also ordered G. to attend counseling with Dr. Nicolette Howells in Columbus for a minimum of one appointment per month per the shared parenting plan filed by appellee.

{¶3} Appellant filed an appeal and assigned the following errors:

I

{¶4} "THE TRIAL COURT ABUSED ITS DISCRETION IN ALLOCATING PARENTAL RIGHTS AND RESPONSIBILITIES."

II

{¶5} "THE TRIAL COURT ABUSED ITS DISCRETION IN OVERRULING APPELLANT'S OBJECTION TO ORDERING [G.] TO ATTEND COUNSELING WITH DR. NICOLETTE HOWELLS."

{¶6} Appellee filed a cross-appeal and assigned the following cross-assignments of error:

CROSS-ASSIGNMENT OF ERROR I

{¶7} "THE TRIAL COURT DID NOT PROPERLY CALCULATE INCOMES FOR SUPPORT PURPOSES, AND ITS DECISION RELATING TO SUPPORT WAS CONTRARY TO LAW, AND AN ABUSE OF DISCRETION."

CROSS-ASSIGNMENT OF ERROR II

{¶8} "THE TRIAL COURT DID NOT PROPERLY DETERMINE THE ASSETS AND LIABILITIES OF THE PARTIES; THEREFORE, ITS DISTRIBUTION OF ASSETS WAS CONTRARY TO LAW, AND AN ABUSE OF DISCRETION."

CROSS-ASSIGNMENT OF ERROR III

{¶9} "THE TRIAL COURT ABUSED ITS DISCRETION IN REQUIRING APPELLEE TO PAY $32,000 OF ATTORNEY'S FEES TO APPELLANT."

{¶10} This matter is now before this court for consideration.

I

{¶11} Appellant claims the trial court erred in changing the effective date of the shared parenting plan to June 14, 2013, and changing the children's school district to Olentangy schools in Delaware County. We disagree.

{¶12} The standard of review in custody cases is whether the trial court abused its discretion. *Miller v. Miller,* 37 Ohio St.3d 71 (1988), citing *Dailey v. Dailey,* 146 Ohio St. 93 (1945). In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217 (1983).

{¶13} Both appellant and appellee filed shared parenting plans. R.C. 3109.04(D)(1)(a)(ii) governs shared parenting plans and states the following:

(D)(1)(a) Upon the filing of a pleading or motion by either parent or both parents, in accordance with division (G) of this section, requesting shared parenting and the filing of a shared parenting plan in accordance with that division, the court shall comply with division (D)(1)(a)(i), (ii), or (iii) of this section, whichever is applicable:

(ii) If each parent makes a request in the parent's pleadings or files a motion and each also files a separate plan, the court shall review each plan filed to determine if either is in the best interest of the children. If the court determines that one of the filed plans is in the best interest of the children, the court may approve the plan. If the court determines that neither filed plan is in the best interest of the children, the court may order each parent to submit appropriate changes to the parent's plan or both of the filed plans to meet the court's objections, or may select one of the filed plans and order each parent to submit appropriate changes to the selected plan to meet the court's objections. If changes to the plan or

plans are submitted to meet the court's objections, and if any of the filed plans with the changes is in the best interest of the children, the court may approve the plan with the changes. If changes to the plan or plans are not submitted to meet the court's objections, or if the parents submit changes to the plan or plans to meet the court's objections but the court determines that none of the filed plans with the submitted changes is in the best interest of the children, the court may reject the portion of the parents' pleadings or deny their motions requesting shared parenting of the children and proceed as if the requests in the pleadings or the motions had not been made. If the court approves a plan under this division, either as originally filed or with submitted changes, or if the court rejects the portion of the parents' pleadings or denies their motions requesting shared parenting under this division and proceeds as if the requests in the pleadings or the motions had not been made, the court shall enter in the record of the case findings of fact and conclusions of law as to the reasons for the approval or the rejection or denial. Division (D)(1)(b) of this section applies in relation to the approval or disapproval of a plan under this division.

{¶14} R.C. 3109.04 (D)(1)(b) states the following:

(b) The approval of a plan under division (D)(1)(a)(ii) or (iii) of this section is discretionary with the court. The court shall not approve more

than one plan under either division and shall not approve a plan under either division unless it determines that the plan is in the best interest of the children. If the court, under either division, does not determine that any filed plan or any filed plan with submitted changes is in the best interest of the children, the court shall not approve any plan.

{¶15} In its decision filed September 10, 2012, the magistrate listed the effective date of the shared parenting plan as July 16, 2014 for the following reasons:

2. Provided that Elizabeth is enrolled full time in taking prerequisite courses during the 2012-2013 school year, the parental rights and responsibilities for the care of [G.] and [J.] be allocated primarily to Elizabeth and Elizabeth be designated as the residential parent and the legal custodian of the children for that period. Provided that Elizabeth is enrolled full time in nursing school during the 2013-2014 school year, the parental rights and responsibilities for the care of [G.] and [J.] be allocated primarily to Elizabeth and Elizabeth be designated as the residential parent and the legal custodian of the children for that period. Effective July 16, 2014 (or earlier upon Elizabeth's failure to attend school or Elizabeth's completion of the schooling as set forth above), the Parties shall have shared parenting with respect to the children. The school district of the children shall be his and her current school district. If neither

Party lives within that school district, this Court retains jurisdiction to determine the school district of the children.

[3]. The Plan for shared parenting filed by Michael as modified by the magistrate and attached hereto is in the best interest of [G.] and [J.] and should be approved and incorporated into a Section 3109.04(D)(1)(d), Final Shared Parenting Decree.  Michael shall cause said plan to be retyped and renumbered as necessary.

{¶16} On September 24, 2012, both appellee and the guardian ad litem filed objections to the effective date of the shared parenting plan.  The guardian ad litem's objection was as follows:

In addition, the Decision of the Magistrate as to allocation of parental rights and responsibilities is not supported by any best interests findings or referenced to statutory factors as required by the Ohio Revised Code and case law when a tribunal issues a decision regarding the children's best interests.  The Court, after hearing seven (7) days of both direct and cross examination testimony of the parties and their witnesses including the Report and Recommendation of the undersigned, failed to acknowledge or consider said Recommendation of the Guardian ad Litem as was testified in Court on August 28, 2012 and further failed to specifically define any basis or Finding of Fact as to his Decision

regarding an award of custody to one parent when each party had filed proposed Plans for Shared Parenting sufficiently prior to Trial.

The following Decision of the Magistrate should be rejected:

1) The Magistrate's Decision designating Plaintiff as Residential Parent and the Legal Custodian provided Plaintiff is enrolled full time and taking prerequisite courses during the 2012/2013 school year.

2) The Magistrate's Decision designating Plaintiff as Residential Parent and the Legal Custodian provided she is enrolled full time in nursing school during the 2013/2014 school year.

3) The Magistrate's Decision awarding the parties Shared Parenting effective July 16, 2014 or upon earlier of Plaintiff's failure to attend school or Plaintiff's completion of the schooling as set forth in the Decision of the Magistrate.

4) The Magistrate's Decision indicating that the school district of the children shall be his or her current school district.

5) The Magistrate's Decision regarding the Plan for Shared Parenting filed by Defendant as modified per the Magistrate's Decision is in the best interests of the minor children and should be approved and adopted.

6) The Magistrate's Decision regarding Defendant's specific companionship if the parties do not reside in the same geographic area.

{¶17} The guardian ad litem filed a supplemental objection on January 7, 2013, stating the following:

2. In addition, the Magistrate failed to acknowledge, consider on its face or even reference in his Decision, the Report and Recommendation of the Guardian ad Litem which was presented in the form of live testimony by the undersigned on August 28, 2012. (See trial transcript, pages 903-956 which includes questioning and cross examination of the Guardian ad litem by each Counsel and the Magistrate). The undersigned's testimony contained in pages 903 through 956 of the trial transcript indicated the considerable amount (ie, over one hundred hours) of thorough and detailed pretrial investigation completed that formed the basis of the undersigned's formal Report to the Court. I appeared and was an active participant in every aspect of the seven (7) day trial before the Magistrate cross examining each witness independently. My testimony, as Guardian ad Litem, in trial transcript pages 903 through 956 defined my final Recommendation as to the children's best interests.

{¶18} Neither shared parenting plan filed by the parties suggested a delayed effective date. We note the parties' motions for shared parenting were filed on July 17 and 24, 2012, the hearings before the magistrate were conducted in August 2012, and the magistrate's decision was issued on September 10, 2012. Now it is one year later and the shared parenting plan is operational.

{¶19} At the time of the hearing, appellant was attending the University of Cincinnati. T. at 239. Appellant stated she had always been the "primary caretaker" of the children and Cincinnati was the "best place" for them. T. at 256, 258. She asked to be the residential parent of the children and filed a shared parenting plan. T. at 259. Appellant acknowledged she would like to have a shared parenting plan in place as the plan had been working under the temporary orders. T. at 259-260.

{¶20} The magistrate's decision essentially gave appellant a bye from her own proposed plan, not to accommodate the children, but to accommodate appellant and her choice to attend school in Cincinnati. The guardian ad litem testified extensively at the hearing and opined the following (T. at 915):

So ultimately I believe shared parenting is in the best interest. I've seen in my investigation and I've seen in today's and prior days' testimony that they can encourage and support the sharing of love and affection and contact between the parent and the children. Clearly that has happened. Not happened in the last seven or eight months, behind the backdrop of what occurred in the fall, how it unfolded, I believe that those things happened. Prior to doing so and when you take out the emotion of the fall and you take out the emotion and the strategies that occur in a divorce process and you go back to the way they were interacting before, they were supporting the relationship between their individual child or children jointly and the other parent and I think they can continue to do that.

{¶21}  By balancing the success of shared parenting, the shared parenting plans of both parties, and the necessity for finality in divorce cases, against appellant's desire to change her profession and only go to school in Cincinnati, we find the trial court did not abuse its discretion in altering the effective date of the shared parenting plan. Because the shared parenting plan necessitated the parties to be geographically close to each other, the order for the children to attend Olentangy schools in Delaware County was not an abuse of discretion.

{¶22}  Assignment of Error I is denied.

II

{¶23}  Appellant claims the trial court erred in ordering G. to counseling with Dr. Nicolette Howells in Columbus as the child was already seeing a counselor in Cincinnati.  We disagree.

{¶24}  The guardian ad litem testified extensively as to the imperativeness of the need for G. to attend counseling and have a "safety plan" in place, and recommended that each parent attend a program called "Darkness to Light Stewards of Children."  T. at 915-917, 925.  The guardian emphasized the need for G. to continue counseling.  T. at 925.  Because the shared parenting plan necessitated a return to the Columbus area, it is only logical that G. be counseled in Columbus.  From the guardian's testimony, G.'s counseling in Cincinnati with Nicole Woolery only covered a two month period.  T. at 921, 925.

{¶25}  Assignment of Error II is denied.

CROSS ASSIGNMENT OF ERROR I

{¶26} Appellee claims the trial court erred in the determination of the parties' income, thereby causing error in the support calculations.  We disagree.

{¶27} Determinations on child and spousal support are within a trial court's sound discretion.  *Booth v. Booth,* 44 Ohio St.3d 142 (1989); *Neville v. Neville,* 99 Ohio St.3d 275, 2003-Ohio-3624; *Blakemore, supra.*

{¶28} In its judgment entry filed March 7, 2013, the trial court ordered appellee to pay appellant child support in the amount of $1,222.00 per month and spousal support in the amount of $2,000.00 per month for thirty-six months.

{¶29} The magistrate's decision included a series of summaries from 7 FinPlan© calculations.  The magistrate, as well as the trial court, assigned $136,000.00 as appellee's income, but varied appellant's income from $17,644.00 as presently earned to an expected $35,360.00.  Appellee argues the $136,000.00 was not substantiated by the record, and his income should have been averaged over a three or four year period.

{¶30} As for child support, R.C. 3119.05 does not mandate income averaging, but a trial court may do so "when appropriate."  R.C. 3119.05(H).  As for spousal support, R.C. 3105.18(C)(1) lists several factors to consider, including "[t]he relative earning abilities of the parties."  R.C. 3105.18(C)(1)(b).

{¶31} Appellee started his own business as a financial advisor in 2005.  T. at 578-579.  He admitted to "downsizing" his work load after leaving Merrill Lynch.  T. at 583-584, 680.  However, he testified his business has grown and has been steady for several years.  T. at 593, 604.  Per appellant's expert, appellee's average income for 2009-2011 was $116,114.00.  T. at 607.  The projection for 2011 was $176,486.00.  T.

at 608.  Appellee himself estimated his income for 2011 was going to be "in the 135 range, 135, 140."  T. at 641.  The $136,000.00 amount is within appellant's projected range.

{¶32} The evidence is quite clear that appellee perceives his business to be steadily improving, despite the time away necessitated by the pre-decree visitation orders.  Given that shared parenting is in effect, it is clear that some of the time away from work will be lessened and the $136,000.00 amount is middle ground.

{¶33} Appellant's income is dependent on whether she is employed full time (approximately $50,000) or part time (approximately $17,000) or whether she is employed in her pre-decree profession or her new profession (registered nurse) which she is currently studying.  At present, her income is diminished since she is attending school.  T. at 323.

{¶34} Based upon the record, we do not find that the trial court abused its discretion in determining the parties' respective incomes for purposes of child and spousal support or in the respective amounts awarded to appellant.  The parties are both young, but there is a great disparity in their incomes.  Just as appellee's pre-decree visitation and involvement in the divorce process resulted in some diminished work hours, so to should appellant's desire to commence a new career not be counted against her.

{¶35}  Cross Assignment of Error I is denied.

### CROSS ASSIGNMENT OF ERROR II

{¶36} Appellee claims the trial court did not properly determine the parties' assets and liabilities, thereby causing an inequitable distribution.  We disagree.

{¶37} The trial court is provided with broad discretion in deciding what is equitable upon the facts and circumstances of each case. *Cherry v. Cherry,* 66 Ohio St.2d 348 (1981). We cannot substitute our judgment for that of the trial court unless, when considering the totality of the circumstances, the trial court abused its discretion. *Holcomb. v. Holcomb,* 44 Ohio St.3d 128 (1989); *Blakemore, supra.* Pursuant to R.C. 3105.171(C)(1), "the division of marital property shall be equal. If an equal division of marital property would be inequitable, the court shall not divide the marital property equally but instead shall divide it between the spouses in the manner the court determines equitable."

{¶38} Appellee claims the trial court improperly excluded appellant's marital asset, the US Bank account, giving her a credit of $4,508.00 saved during the pendency of the divorce, and improperly determined the value of the marital residence.

{¶39} In its decision filed September 10, 2012 at No. 12, the magistrate found the US Bank account to be marital property. At Nos. 10, 15, and 16, the magistrate determined the value of the marital residence to be $392,000.00.

{¶40} In its judgment entry filed March 7, 2013 at No. 15, the trial court awarded the bank account to appellant. At No. 8, the trial court awarded the marital residence to appellee, subject to the debt(s) thereon. The trial court stated the following at No. 17:

17. If Michael refinances the residence then the Wells Fargo, Huntington, and GE C.U. debts shall be assumed and paid by Michael. If the residence is sold then the Wells Fargo, Huntington, and GE C.U. debts

shall be paid from the proceeds of sale and any deficiency by the Parties equally.

{¶41} The $4,508.00 in the US Bank account was not credited as an asset, but given to appellant because it was savings she accumulated "since separation."

{¶42} Appellee does not dispute that the $4,508.00 amount was savings accumulated by appellant during the pendency of the divorce. Neither party listed the US Bank account as an asset in their respective affidavits of property. We find the trial court did not abuse its discretion as to the account.

{¶43} Appraiser GJ Seckel appraised the value of the marital residence at $392,000.00. T. at 111; Plaintiff's Exhibit 1. The parties stipulated to Mr. Seckel being an expert and to his report, although appellee did not stipulate to the value therein. *Id.* Using the auditor's value, appellee testified the value of the marital residence to be $337,800.00. T. at 639.

{¶44} The trier of fact was faced with two values and chose to accept the expert's valuation as opposed to the auditor's tax valuation. We find the trial court did not abuse its discretion as to the valuation of the marital residence.

{¶45} Lastly, appellee argues the trial court failed to set a date for termination of the marriage. Absent a specific date, the presumptive termination date is the date of the final hearing. R.C. 3105.171(A)(2); *Bowen v. Bowen,* 132 Ohio App.3d 616 (9th Dist.1999). As for appellee's arguments regarding acquiring refinancing, appellee did not request a stay and in fact argued against it. See, Defendant's Memorandum Contra Motion for Stay filed April 11, 2013.

{¶46} Cross Assignment of Error II is denied.

CROSS ASSIGNMENT OF ERROR III

{¶47} Appellee claims the trial court erred in awarding appellant attorney's fees in the amount of $32,000.00 because appellant's parents helped her pay her attorney. We disagree.

{¶48} The awarding of attorney's fees is within a trial court's sound discretion. *Howell v. Howell,* 167 Ohio App.3d 431, 2006-Ohio-3038; *Blakemore, supra*.

{¶49} R.C. 3105.73 governs the award of attorney's fees and litigation expenses in domestic relations cases. Subsection (A) states the following:

> In an action for divorce, dissolution, legal separation, or annulment of marriage or an appeal of that action, a court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable. In determining whether an award is equitable, the court may consider the parties' marital assets and income, any award of temporary spousal support, the conduct of the parties, and any other relevant factors the court deems appropriate.

{¶50} It is important to note that as a result of the acrimony of the divorce, the attorney's fees for each party were substantial. Appellee admits he has paid over $100,000.00 in attorney's fees. T. at 674-675. There is no doubt that appellant, with her limited income, could not finance the divorce. Appellant acknowledged that her parents were helping her with her attorney's fees. T. at 309. Appellant's mother

testified appellant owed them "for lawyer fees" in the amount of $54,354.75. T. at 145, 147. We find the monies expended by the parents that needs repaid should not be factored against appellant.

{¶51} Cross Assignment of Error III is denied.

{¶52} The judgment of the Court of Common Pleas of Delaware County, Ohio, Domestic Relations Division is hereby affirmed.

By Farmer, J.

Hoffman, P.J. and

Delaney, J. concur.

_____
Hon. Sheila G. Farmer

_____
Hon. William B. Hoffman

_____
Hon. Patricia A. Delaney

SGF/sg 923

[Cite as *Harding v. Harding*, 2013-Ohio-4660.]

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| ELIZABETH A. HARDING | : | |
| | : | |
| Plaintiff-Appellant/Cross Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| MICHAEL R. HARDING | : | |
| | : | |
| Defendant-Appellee/ Cross Appellant | : | CASE NO. 13 CAF 04 0025 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio, Domestic Relations Division is affirmed. Costs to appellant.

_____
Hon. Sheila G. Farmer

_____
Hon. William B. Hoffman

_____
Hon. Patricia A. Delaney